**Reuben A. ISERN, M.D., Relator,**

v.

**NINTH COURT OF APPEALS,
Respondent.**

No. 96–0330.

Supreme Court of Texas.

June 14, 1996.

Rehearing Overruled Aug. 16, 1996.

C. Denice Smith, Houston, Jo Ben Whittenburg, Beaumont, for relator.

John H. Holloway, Houston, for respondent.

## PER CURIAM.

This mandamus action questions whether Rule 47(b)(1) of the Texas Rules of Appellate Procedure and section 52.002 of the Texas Civil Practice and Remedies Code conflict and, thus, preclude a trial court from allowing alternate security in appeals from personal injury judgments. We conclude that these provisions do not conflict. Therefore, the trial court did not abuse its discretion by allowing Dr. Reuben A. Isern to post alternate security in the present case. We also conclude that Isern has no adequate remedy by appeal. Accordingly, we grant leave to file and conditionally grant the writ of mandamus. TEX.R.APP. P. 122.

Isern is a defendant in a medical malpractice lawsuit. The jury rendered a verdict for the plaintiffs, the real parties in interest in this proceeding, in excess of $3.1 million. The limits of Isern's liability policy are $500,-000. Accordingly, his insurance carrier, Insurance Corporation of America (ICA), will only post a $500,000 supersedeas bond. Alleging he could not post the full $3.1 million security himself, Isern filed a motion with the trial court seeking to use alternate security to supersede execution on the judgment. The trial court granted the motion and ordered Isern to post alternate security in the form of $500,000 in bonds offered by ICA. The plaintiffs appealed the trial court's order. TEX.R.APP. P. 49. The court of appeals set aside the trial court's order, holding that sections 52.002 and 52.005 of the Texas Civil Practice and Remedies Code made "certain that judgments rendered in personal injury cases require[ ] a full supersedeas bond equal to the amount of the judgment, plus interest, plus costs." (quoting *Laird v. King,* 866 S.W.2d 110, 115 (Tex.App.—Beaumont 1993, orig. proceeding)).

▉ In mandamus proceedings, "[o]ur focus remains on the trial court's order regardless of the court of appeals' decision on mandamus. We make an independent inquiry whether the trial court's order is so arbitrary, unreasonable, or based upon so gross and prejudicial an error of law as to establish abuse of discretion." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex. 1985). Isern asserts that the court of appeals improperly disturbed the trial court's judgment by holding that a supersedeas bond equal to the whole amount of the judgment, plus interest and costs, must be posted in personal injury actions. We agree.

The circumstances surrounding the adoption of Rule 47 and section 52.002, as well as the later amendments to Rule 47, illustrate that the rule and the statute do not conflict. In 1986, Rule 47 provided that the trial court could not allow alternate security in appeals from *money* judgments. TEX.R.APP. P. 47 (amended in 1986)(formerly TEX.R. CIV. P. 364). In the wake·of *Texaco, Inc. v. Pennzoil Co.,* 729 S.W.2d 768 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dismissed,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988), the need for alternate security in appeals from money judgments became apparent. In 1988, this Court amended Rule 47 to allow alternate security in any appeal, including appeals from money judgments, provided the party seeking alternate security could prove that posting the full amount of the bond would cause irreparable harm to the judgment debtor and not posting the full bond would cause no substantial harm to the judgment creditor. TEX.R.APP. P. 47 (amended in 1988). One year later the Legislature promulgated Chapter 52 of the Texas Civil Practice and Remedies Code. Section 52.002 established a slightly different standard for alternate security than that provided in Rule 47. This section also applied to

all appeals from money judgments "other than a judgment rendered in a ... personal injury or wrongful death action...." TEX. CIV. PRAC. & REM.CODE § 52.002 (Supp.1996). *Subsequently,* this Court again amended Rule 47, retaining the original standard for alternate security in appeals from personal injury judgments, but adopting section 52.002's standard for alternate security in appeals from other money judgments. TEX. R.APP. P. 47(b)(1)-(2)(amended in 1990). This Court's stated purpose for the 1990 amendment was to "conform the rule to statute." *Id.* cmt.

█ Presently, section 52.002 of the Texas Civil Practice and Remedies Code and Rule 47(b)(2) of the Texas Rules of Appellate Procedure provide that the trial court may order alternate security in cases *other than personal injury cases* if (1) setting the security at an amount equal to the judgment would cause irreparable harm to the judgment debtor, and (2) setting the security at a lesser amount would not substantially decrease the judgment creditor's ability to recover after appeals are exhausted. TEX. CIV. PRAC. & REM.CODE § 52.002; TEX.R.APP. P. 47(b)(2). Supplementing those provisions, Rule 47(b)(1) requires a bond for the full amount of the money judgment, but affords the trial court the discretion to reduce the amount of security in *personal injury* actions if the trial court finds that (1) posting the amount of the bond will cause irreparable harm to the judgment debtor, and (2) not posting the full bond will cause no substantial harm to the judgment creditor. TEX.R.APP. P. 47(b)(1). The plaintiffs argued, and the court of appeals agreed, that Rule 47(b)(1) conflicts with section 52.002.

While section 52.005 provides that to the extent there is any conflict with the Texas Rules of Appellate Procedure, the provisions in Chapter 52 of the Code control, TEX. CIV. PRAC. & REM.CODE § 52.005(a), we see no conflict between section 52.002 and Rule 47(b)(1). Moreover, section 52.005(c) provides that the "Texas Rules of Appellate Procedure apply to any proceeding, *cause of action,* or claim to which Section 52.002 does not apply." *Id.* § 52.005(c)(emphasis added). On its face, section 52.002 does not prohibit alternate security in appeals from personal injury judgments; rather, it simply addresses alternate security for appeals in cases other than those involving personal injury. Therefore, section 52.002 does not apply to appeals from personal injury judgments. Under Rule 47(b)(1), the trial court had discretion to set the supersedeas bond at a lesser amount in the present appeal from the personal injury judgment. Accordingly, we expressly disapprove of *Laird v. King,* 866 S.W.2d 110 (Tex.App.—Beaumont 1993, orig. proceeding).

█ Concluding that the trial court had discretion under Rule 47(b)(1) to set alternate security in the present case, we next consider whether the trial court abused its discretion in doing so. In granting Isern's motion, the trial court found that: (1) the full supersedeas bond would be approximately $3.1 million; (2) ICA would only post a $500,000 bond; (3) Isern had assets worth approximately $500,000, including a homestead worth $150,000; (4) Isern could not post the full $3.1 million bond; (5) if alternate security was not allowed, Isern would be forced to file bankruptcy; and (6) if Isern filed bankruptcy, the real parties would be left with a bankrupt judgment debtor and no posted security for any part of the judgment.

█ On this record, the trial court did not abuse its discretion by concluding either that Isern would suffer irreparable harm if alternate security were denied or that the plaintiffs would not suffer substantial harm from posting alternate security. Accordingly, the court of appeals abused its discretion by disturbing the trial court's order. *Johnson,* 700 S.W.2d at 917. We also hold that no adequate remedy by appeal exists because, absent immediate relief, Isern cannot supersede execution on the judgment pending the appeal. The threat of execution on the judgment is a situation of manifest and urgent necessity which renders any remedy by appeal inadequate. *Walker v. Packer,* 827 S.W.2d 833, 840–43 (Tex.1992)(no adequate remedy by appeal when party's ability to present viable claim is compromised).

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral

argument, the Court grants leave to file and conditionally grants the writ of mandamus. TEX.R.APP. P. 122. Writ will issue only if the court of appeals fails to vacate its order on supersedeas of judgment.