ANTOON, C.J.
Toyota Tsusho America, Inc. (Toyota), seeks certiorari review of the trial court’s order directing Toyota, under threat of contempt, to “withdraw and set aside” a Tennessee action initiated by Toyota to domesticate a Florida judgment and challenge an allegedly fraudulent transfer of real property. The basis of the ruling was the trial court’s finding that, by filing the Tennessee action, Toyota had violated a previously entered court order which prohibited Toyota from seeking execution on a writ of garnishment against respondents, Earl M. Crittenden and A.E. Langley. Review of the record reveals that, although Toyota did file an action in Tennessee seeking to domesticate its Florida judgment, Toyota did not violate the trial court’s order by doing so. Therefore, we *755 grant Toyota’s petition for certiorari and quash the trial court’s order.[1]
Prior to this action for certiorari, the parties had entered into a series of contracts regarding the purchase and sale of Florida citrus property. Difficulties arose between the parties which eventually resulted in litigation. The litigation culminated when a final judgment was entered in favor of Toyota in the amount of $4,801,-156.[2]
After the judgment was entered Toyota obtained writs garnishing two separate cash management accounts; one held by Mr. and Mrs. Crittenden and the other held by Mr. and Mrs. Langley. Respondents filed a motion to dissolve the writs and stay execution, arguing that the accounts were entireties property and therefore not subject to garnishment. A hearing was held on the motion. At the hearing, the parties stipulated that Toyota would forego any further execution on its final judgment pending an evidentiary hearing regarding its entitlement to garnish the cash management accounts. The trial court accepted the parties’ stipulation, ruling the garnishment “was properly issued,” and respondents could in the future argue that property existed upon which Toyota could levy. The trial court further ruled:
The Motion to Stay Execution is neither granted nor denied, based upon the stipulation of the parties that [Toyota] shall make no further execution or obtain farther writs without permission of the comi until the Writ of Garnishment has been dissolved or a final judgment of garnishment has been entered by this court.
(Emphasis added.)
Toyota thereafter discovered that Mr. Crittenden owned real property located in Tennessee. Tennessee’s public records reflected that the property was originally owned by Mr. Crittenden personally, but while the instant litigation was proceeding he transferred his interest in the property to himself and his wife as tenants by the entireties. Toyota filed an action in Tennessee to domesticate its Florida judgment pursuant to Tennessee Code Annotated, section 20-3-101(a) (1998). In the same action Toyota also sought to set aside the transfer of ownership of the property on the basis that the transfer was an improper attempt by Mr. Crittenden to evade his creditors.
Respondents thereafter filed a motion in the circuit court seeking to have Toyota adjudicated to be in contempt of court. Respondents contended that, by filing the Tennessee action, Toyota had violated the court’s order which prohibited Toyota from making “further execution” or “obtaining further writs” without court permission. At the hearing on the contempt motion before a successor judge, Toyota responded by arguing that the filing of the Tennessee action did not constitute a levy or execution under Tennessee law and therefore no violation of the court order had occurred. Toyota explained that the Tennessee action was filed in order to create a lien on Mr. Crittenden’s property so that he and his wife could not avoid the Florida judgment by selling, transferring, or otherwise disposing of the property. After hearing argument of counsel, the successor judge determined that Toyota had “violated the letter and spirit” of the court’s order and directed Toyota to “withdraw and set aside the Tennessee action” within fifteen days or be found in contempt of court.
Although it is clear that an action in Florida to domesticate a foreign judgment would constitute neither “an execution” *756 nor “the obtaining of a writ”, to analyze the ruling entered in this case we must view this issue in light of the relevant Tennessee statutes.
As noted above, Toyota filed its action pursuant to section 20-3-101 of the Tennessee Code Annotated which provides as follows:
§ 20-3-101. Filing of abstract — Effect OF NOT FILING.
(a) When any person, in any court of record, by declaration, petition, bill or cross bill, shall seek to fix a lien lis pendens on real estate, or any interest therein, situated in the county of suit, in furtherance of the setting aside of a fraudulent conveyance, of subjection of property under return of nulla bona, tracing a trust fund, enforcing an equitable vendor’s lien, or otherwise, that person shall file for record in the register’s office of the county an abstract, certified by the clerk, containing the names of the parties to such suit, a description of the real estate affected, its ownership, and a brief statement of the nature and amount of the lien sought to be fixed.
(b) Until same is so filed, so far as concerns the rights of bona fide purchasers and encumbrancers, for value, of the realty, or any interest therein, they shall not be affected.
Tenn.Code Ann. § 20-3-101 (1998). Review of this statute reveals that the filing of the Tennessee action was not an attempt by Toyota to “take” or “seize” Mr. Crittenden’s property, but instead, merely an attempt to protect the enforceability of its Florida judgment by placing third parties on notice of the existence of the judgment.[3] By doing so, Toyota was acting like any responsible judgement creditor should. Ironically, by directing Toyota to withdraw its Tennessee action under threat of contempt, the trial court jeopardized Toyota’s ability to enforce its Florida judgment by placing Mr. Crittenden in a position where he could transfer his Tennessee property without regard to the Florida judgment.
Notably, under Tennessee law, before being able to execute on Mr. Crittenden's real property, Toyota will be required to first obtain a Tennessee judgment domesticating its Florida judgment. See Tenn. Code Ann. § 26-1-103 (1998). Then, Toyota will be required to seek to levy upon Mr. Crittenden’s personal property. See Tenn.Code Ann. § 26-3-101 (1998). Thereafter, Toyota will be able to execute on Mr. Crittenden’s real property; howev *757 er, if there is a dispute regarding the title to the real property, Toyota will be required to post a bond to indemnify the sheriff against damages resulting from a levy or sale. See Tenn.Code Ann. § 26-3-104 (1998).
In any event, since Toyota did not violate the trial court’s order by filing the Tennessee action to domesticate its Florida judgment, the trial court departed from the essential requirements of law in directing Toyota to withdraw the Tennessee action.
CERTIORARI GRANTED; ORDER QUASHED.
W. SHARP, and GRIFFIN, JJ., concur.

. Appellate jurisdiction is proper. See Fla. R.App. P. 9.030(b)(2)(A); see also Sears v. Sears, 617 So.2d 807 (Fla. 1st DCA 1993); Stewart v. Mussoline, 487 So.2d 96 (Fla. 3d DCA 1986).

. See Toyota Tsusho Am., Inc. v. Crittenden, 732 So.2d 472 (Fla. 5th DCA 1999).

. We recognize that section 26-1-201 of the Tennessee Code Annotated formerly provided that "the clerks of the several courtfs] shall issue executions in favor of the successful party, and all judgements rendered at any term, as soon after the adjournment of the court is practicable, and within the time prescribed by this Code, without demand of the party.” See Tenn.Code Ann. § 26-1-201 (1984)(emphasis added). However, the Tennessee Code Annotated was materially revised in 1985 to provide as follows:
The clerks of the several courts may issue executions in favor of the successful party on all judgments as soon after the adjournment of the court as practicable within the time prescribed by this code, without any demand of the party.
Tenn.Code Ann. § 26-1-201 (1985)(emphasis added). The transcript from the House Judiciary Committee meeting of March 18, 1995, shows House Bill 510 was introduced by Representative Cobb, as an act relating to court executions and to amend Tennessee’s execution statutes. The transcript demonstrates the reason for the change. Specifically, Representative Cobb stated:
There is a statute right now [Tenn.Code Ann. section 26-1-201] that says that after a judgment is rendered, every single clerk must within the, as quickly as possible, issue a levy of execution without a demand of the parties. When I discovered this several years ago, I asked my clerks whether they did that, and they said of course not, that is ridiculous. We wait until the attorneys ask us to do this. And this, this conforms the law to what the practice is today by substituting the word may for the word shall. There are a couple of other technical things like this. This is purely technical conforming the present statutory law to the practical reality of today and also the rules of procedure.
Public Chapter 131, 1985, Tape Transcript, at 3.