McDILL COLUMBUS CORPORATION, et al, Appellants,

v.

UNIVERSITY WOODS APARTMENTS, INC., Appellee.

No. 06–99–00138–CV.

Court of Appeals of Texas, Texarkana.

Jan. 4, 2000.

**924**

Peter M. Kelly, Miller, Criaco, Kelly, Houston, for appellant.

Jimmy Williamson, Williamson & Sears, L.L.P., King Waters, Waters & Waters, Houston, for appellee.

## ORDER

WILLIAM J. CORNELIUS, Chief Justice.

Appellants in this case are McDill Columbus Corporation, Y.C. Fernandez, LaPlace Apartments, Inc., Partners LaPlace, Ltd., and McDill Columbus of Texas, Inc. Appellee is University Woods Apartments, Inc. On June 24, 1999, the Harris County District Court rendered judgment that appellee recover from appellants, jointly and severally, $1,125,000.00, plus $30,000.00 for every month after July 1999, if certain conditions are not met; and that it recover from appellant McDill Columbus Corporation the sum of $6,972,120.45 ($2,553,157.15 actual damages, $4,000,000.00 punitive damages, and $1,125,000.00 prejudgment interest), plus post-judgment interest. The trial court also imposed a lien on the LaPlace Apartments to secure the judgment.

After the judgment was rendered, appellants filed a motion with the trial court to reduce the amount of bond or other security required to supersede the judgment pending appeal to this Court. The trial court held two hearings and ultimately denied appellants' motion. Appellants seek review in this Court of the district court's refusal to lower the security pursuant to TEX.R.APP. P. 24.4(c).

Pursuant to a writ of execution dated October 28, 1999, appellee levied on certain real properties owned by appellants in Harris County. Notice of sale was posted for a December 7, 1999 sale. On appellants' motion, we stayed the sale and ordered that the status quo be preserved until we could review the district court's action.

In order to stay enforcement of a judgment for the recovery of money pending appeal, the appellant must post security in at least the amount of the judgment, interest for the estimated duration of the appeal, and costs. TEX.R.APP. P. 24.2(a). The trial court may, however, after notice and hearing, order a lesser amount of se-

curity if it finds that posting a bond, deposit, or security as required by Rule 24.2(a) will irreparably harm the judgment debtor, and that posting a bond, deposit, or security in a lesser amount will not substantially impair the judgment creditor's ability to recover under the judgment after all appellate remedies are exhausted. TEX. R.APP. P. 24.2(b). The trial court denied appellants' motion, and appellants seek our review of the trial court's determination pursuant to TEX.R.APP. P. 24.4.

In *Isern v. Ninth Court of Appeals*, 925 S.W.2d 604 (Tex.1996), the Supreme Court recognized that, in certain instances, the general rule requiring bond or other security in the total amount of a money judgment may effectively deny an appellant the right to appeal. To guard against that possibility and yet protect the judgment creditor's right to collect its judgment, the provisions for reduced or alternate security were adopted. *Id.* at 605. Although the wording of the specific rule authorizing a reduction or alternate security has been changed slightly, the basic requirement has not been changed since the enactment of the rule permitting modified supersedeas in 1988: the party seeking alternate security[1] must prove that posting security for the full amount of the judgment would cause irreparable harm to the judgment debtor, and that failing to post the full bond would cause no substantial harm to the judgment creditor.

Under Rule 24.4(a), on review of the trial court's order by the court of appeals, the court may review: (1) the sufficiency or excessiveness of the amount of security; (2) the sureties on any bond; (3) the type of security; (4) the determination whether to permit suspension of enforcement; and (5) the trial court's exercise of discretion under TEX.R.APP. P.

24.3(a). The abuse of discretion standard requires us to determine whether the trial court acted without reference to guiding rules or principles, or acted in an arbitrary or unreasonable manner. *Burlington N. R.R. Co. v. Southwestern Elec. Power Co.*, 905 S.W.2d 683, 686 (Tex.App.-Texarkana 1995, no writ). In addition, under Rule 24.4(b), which provides that the appellate court's review may be based both on conditions existing at the time the trial court signed the order and on changes in those conditions afterward, we may consider evidence of changed conditions affecting the determination.

In the two hearings held by the trial court, appellants produced an audited financial statement of McDill Columbus Corporation and two witnesses: an independent insurance agent who testified whether an insurance company would issue a supersedeas bond for appellants after reviewing the financial statement of McDill Columbus and, in the second hearing, a certified public accountant who had also reviewed the financial statement and who finally testified, as follows:

> The advice I gave [McDill Columbus] was it appeared to me that they would have no option I could observe, for the near term, other than to file bankruptcy *if they were not able to obtain a supersedeas bond and the judgment were directed against them.*

(Emphasis added.) This witness did not testify that McDill Columbus, if it were required to post bond in the full amount of the judgment, would be forced into bankruptcy. The financial statement submitted by McDill Columbus, as well as the testimony of its financial witness, showed that appellants had assets of $27 million and equity of $12 million. However, the wit-

---

1. This term was used by the United States Court of Appeals in *Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173 (2d Cir.1975), in which Hughes, et al, when faced with a judgment of some $145 million in a private antitrust action, were permitted to supersede the judgment pending appeal by (1) posting a letter of credit in favor of TWA in the amount of $75 million, and (2) securing the balance of the judgment by Toolco, a co-defendant, maintaining its net worth at more than three times the amount of that balance, verified by independent audit. This was due to the unprecedented size of the judgment. *Trans World Airlines, Inc. v. Hughes*, 515 F.2d at 175.

nesses were not personally familiar with the financial situation at McDill Columbus. They did not know the actual market value of any of the corporation's assets, and they were unfamiliar with the nature of its liabilities. They were not able to testify whether there were outstanding liens against any of the real estate shown on the financial statement as being owned by McDill Columbus. The "audited financial statement" relied on by appellants' financial witness was not properly authenticated or proved by any witness or as a business record, and it was not even admitted into evidence to prove the truth of its contents, but only for the limited purpose of showing the accountant's state of mind after he reviewed the statement. *See* TEX.R. EVID. 703. None of appellants' corporate officers or owners testified at either of the hearings.

Appellants' counsel argued that the La-Place Apartments, the subject of the underlying litigation, was worth between $3 million and $6 million, but there was no appraisal of the apartments or testimony showing their actual value. Appellant Y.C. Fernandez, through appellants' counsel, offered at the hearing to file with the trial court a $900,000.00 supersedeas bond. That bond has now been filed. However, that amount does not cover the total damages awarded against Fernandez, much less those assessed against the other appellants. This is not a case like *Isern,* where the evidence clearly established that the judgment exceeded the net worth of the defendant. This is not an astronomically high judgment, such as in *Texaco, Inc. v. Pennzoil Co.,* 784 F.2d 1133, 1136–41 (2d Cir.1986), or *Trans World Airlines, Inc. v. Hughes,* 515 F.2d 173 (2d Cir.1975). Rather, the evidence presented to the trial court here shows that, at least from a dollar valuation point of view, appellants have sufficient assets to cover the amount of the judgment.

Appellants argue that because their liquidity is low they should not be required to post security in the full amount of the judgment. While the evidence confirms a relatively low liquidity, this is only one matter to consider. In sum, appellants had the burden to prove by evidence that, according to the criteria outlined in TEX. R.APP. P. 24.2(b), they were entitled to reduced or alternate security, and they failed to carry that burden. Thus, we find that the trial court did not act without reference to guiding rules or principles, or act in an unreasonable or arbitrary manner. In view of the evidence presented at the hearings, we cannot conclude that the trial court abused its discretion in denying appellants' motion.

■ Appellants have asked us to hold appellee in contempt for disturbing the status quo. In support of their motion, they have filed a copy of a document titled "Notice of Recording of Foreign Judgment," filed on December 8, 1999, in Hillsborough County, Florida. Appellants allege that the Texas judgment in this case was recorded for the purpose of executing on certain of appellants' assets in Florida, and contend that appellee's action in this regard violates the temporary emergency order we issued on December 6, 1999, providing, in relevant part: "Other than as specifically provided herein, all parties hereto shall preserve the status quo, subject to the ruling of this Court on appellants' motion."

Appellee contends that the filing of the Texas judgment in Florida was initiated before the date of our emergency order, and that the filing was delayed because of problems with its local counsel in Florida carrying out the filing. Texas counsel for appellee states in an affidavit that he was informed by Florida counsel that the judgment was to be filed in Florida on December 1, 1999, before the date of our order. Florida counsel for appellee states in an affidavit that the filing was delayed from December 1 to December 8 because of an internal delay in the law firm regarding the issuance of the check for the filing fee.

■ We must first determine whether the recording of the judgment, even if it took place after our December 6 order, violated the status quo. Status quo is the

last actual peaceable, noncontested status that preceded the pending controversy. *Double M Petroproperties, Inc. v. Frisby,* 957 S.W.2d 594, 596 (Tex.App.-Eastland 1997, no writ). Relevant Florida statutes provide as follows:

55.505. Notice of recording; prerequisite to enforcement

(1) At the time of the recording of a foreign judgment, the judgment creditor shall make and record with the clerk of the circuit court an affidavit setting forth the name, social security number, if known, and last known post office address of the judgment debtor and of the judgment creditor.

(2) Promptly upon the recording of the foreign judgment and the affidavit, the clerk shall mail notice of the recording of the foreign judgment, by registered mail with return receipt requested, to the judgment debtor at the address given in the affidavit and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and of the judgment creditor's attorney, if any, in this state. In addition, the judgment creditor may mail a notice of the recording of the judgment to the judgment debtor and may record proof of mailing with the clerk. The failure of the clerk to mail notice of recording will not affect the enforcement proceedings if proof of mailing by the judgment creditor has been recorded.

(3) *No execution or other process for enforcement of a foreign judgment recorded hereunder shall issue until 30 days after the mailing of notice by the clerk and payment of a service charge of $25 to the clerk. When an action authorized in s. 55.509(1) is filed, it acts as an automatic stay of the effect of this section.*

FLA. STAT. ANN. § 55.505 (West 1994) (emphasis added).

55.507. Lien; when effective

A foreign judgment does not operate as a lien until 30 days after the mailing of notice by the clerk. When an action authorized in s. 55.509(1) is filed, it acts as an automatic stay of the effect of this section.

FLA. STAT. ANN. § 55.507 (West 1994).

55.509. Stay of enforcement of foreign judgment

(1) If, within 30 days after the date the foreign judgment is recorded, the judgment debtor files an action contesting the jurisdiction of the court which entered the foreign judgment or the validity of the foreign judgment and records a lis pendens directed toward the foreign judgment, the court shall stay enforcement of the foreign judgment and the judgment lien upon the filing of the action by the judgment debtor.

(2) If the judgment debtor shows the circuit or county court any ground upon which enforcement of a judgment of any circuit or county court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state.

FLA. STAT. ANN. § 55.509 (West 1994).

Under Florida's statutes, any enforcement of the Texas judgment in Florida would require, in addition to the recording of the notice set out above, the passage of time and some further action on the part of the judgment creditor. The recording itself does not entitle the judgment creditor to execute on any of the debtor's property. Further, under Section 55.509(1) the debtor may file an action contesting the validity of the Texas judgment and may record a *lis pendens* directed toward the judgment, which would stay its enforcement. Under the order issued by this Court, any further action taken by appellee to execute on the judgment or lien against appellants' property in Florida would disturb the last actual peaceable, noncontested status in this case, and would constitute a violation of the order. However, appellee's act of recordation, even if carried out after this Court's order with knowledge of the order, does not disturb the status quo. *See, e.g., Toyota Tsusho*

*Am., Inc. v. Crittenden,* 736 So.2d 754 (Fla.Dist.Ct.App.1999).

Recordation of the Texas judgment in Florida does not disturb the status quo of the dispute; it merely protects the judgment creditor's interests. It does not, under Florida law, amount to an attempt to execute on or enforce the judgment. Further steps are required to take such action. Since appellee has not taken such further steps, we find that the order was not violated.

For the reasons stated, the trial court's order denying the motion to reduce the security or approve alternate security is affirmed. Appellants' motion for contempt is denied. The temporary stay order issued on December 6, 1999, is dissolved.