NO. 07-03-0346-CV


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 8, 2003


 

______________________________




VERNON R. YOUNG, JR., APPELLANT



V.



LEWIS QUALLS, APPELLEE




_________________________________



FROM THE 217TH DISTRICT COURT OF ANGELINA COUNTY;



NO. 31,681-98-12; HONORABLE DAVID V. WILSON, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ORDER


 Appellee Lewis Qualls obtained a money judgment against appellant Vernon R.
Young for the total amount of $247,246 in Cause Number 31,681-98-12 in the 217th District
Court of Angelina County, from which Young appealed. Young moved the trial court to
allow the judgment to be superseded during appeal by alternate security. Following a
hearing at which no evidence was introduced, the trial court granted Young's motion. The
trial court's order allowed Young to supersede the judgment by delivering to counsel for
Qualls a deed of trust giving Qualls a lien on 75 specified acres of land, together with an
agreement executed by two persons holding liens on the 75 acres subordinating their liens
to the deed of trust. 

 Pending before us is Qualls' Motion to Review Sufficiency and Type of Security by
which he seeks review of both the sufficiency and type of security authorized by the trial
court. See Tex. R. App. P. 24.4. (1) He urges that both Tex. Civ. Pract. & Rem. Code Ann.
§§ 52.002 and 52.003 (Vernon 1997) (2) and TRAP 24.2(b) preclude the trial court from
allowing alternate security as it did in this matter. This is so, he maintains in part, because
at the hearing on Young's motion to allow alternate security Young did not prove (1) the
market value of the property subject to the deed of trust, (2) the value of the deed of trust,
or (3) that (a) providing security in the amount of the judgment, interest and costs would
cause irreparable harm to Young and (b) setting the amount of security at some lesser
amount would not substantially impair Qualls' ability to recover on the judgment. Qualls
concludes that the trial court abused its discretion because no evidence supported its
order.

 Young argues that the trial court had discretion to determine the type of security
required to protect Qualls during appeal. See Transamerican Natural Gas Corp. v.
Finkelstein, 905 S.W.2d 412, 414 (Tex.App.--San Antonio 1995, writ denied). He then
asserts that the trial court did not abuse its discretion in ordering alternate security because
the property on which the deed of trust was ordered to be given as alternate security is the
property involved in the lawsuit and that Qualls' evidence at trial was to the effect that the
property has a value of at least $800,000.

 We review the trial court's rulings concerning the amount and type of security
required to supersede a judgment under an abuse of discretion standard. See Miller v.
Kennedy & Minshew, P.C., 80 S.W.3d 161, 165 (Tex.App.--Ft. Worth 2002, no pet.). 

 An abuse of discretion does not exist if the trial court based its decision on
conflicting evidence and some evidence reasonably supports the trial court's decision. See
In re Epic Holdings, Inc., 985 S.W.2d 41, 57 (Tex. 1998). It is an abuse of discretion,
however, for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal
principles, see Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997), or to rule without
supporting evidence. See Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998) (statute
allowed exercise of discretion by trial court as to whether to award attorney's fees, but
since discretion was exercised to award fees in this case, the amount of fees awarded
required actual or implied factual findings, supported by evidence, of reasonableness and
necessity of fee amount).

 A judgment debtor may suspend enforcement by superseding the judgment. See
TRAP 24.1(f). The burden is on the judgment debtor to prove that the proper amount of
security has been provided. See Isern v. Ninth Court of Appeals, 925 S.W.2d 604, 606
(Tex. 1996); McDill Columbus Corp. v. University Woods Apts,, Inc., 7 S.W.3d 923, 925
(Tex.App.--Texarkana 2000, no pet.). 

 This record contains no evidence that as of the time of the hearing on Young's
motion for alternate security the market value of the deed of trust or the property subject
to the deed of trust was sufficient to supersede the judgment. See TRAP 24.2(a)(1). 
Absent such evidence, the trial court abused its discretion in permitting Young to
supersede the judgment by the alternate security of the deed of trust and subordination
agreement. See Bocquet, 972 S.W.2d at 21. We sustain Qualls' Motion to Review
Sufficiency and Type of Security to the extent that the motion urges the trial court abused
its discretion by determining the deed of trust and subordination agreement were sufficient
to supersede the judgment. 

 We need not and do not consider Qualls' contention that the trial court abused its
discretion in determining that the type of security, a deed of trust and subordination
agreement, would adequately protect Qualls' ability to recover the judgment amount for the
duration of the appeal. See TRAP 47.1.

 The trial court has continuing jurisdiction to order or modify the amount and type of
security required to continue suspension of a judgment's execution. See TRAP 24.3. The
parties, therefore, may move the trial court for such hearings and orders as they deem
appropriate in regard to the amount and type of security required to suspend execution of
Qualls' judgment. 

 Unless prior to January 8, 2004, the trial court sets aside its July 14, 2003, Order
Determining Amount and Type of Security to Supersede Judgment, then we will enter an
order setting the July 14, 2003 order aside as of January 8, 2004, and Qualls' judgment
shall no longer be superseded by security provided pursuant to the July 14, 2003 order. 
We direct that as to any further orders entered by the trial court pursuant to TRAP 24.3:
(1) Young file a certified copy of such orders with the clerk of this court, and (2) the trial
court enter findings of fact as to any such orders. See TRAP 24.3(b); 24.4(d). 


 Per Curiam

1. Further reference to the Texas Rules of Appellate Procedure will be by reference
to "TRAP ____."
2. Repealed by Act of June 11, 2003, 78th Leg., R.S. ch. 204 § 7.03, 2003 Tex. Gen.
Laws 863. Further reference to the Civil Practices and Remedies Code will be by
reference to "TCPRC."