TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-05-00096-CV






Guadalupe Economic Services Corporation, Appellant



v.



Pedro DeHoyos, Jr. and Charlot DeHoyos, Appellees








FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT

NO. 24,436, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING






O R D E R


PER CURIAM

 Guadalupe Economic Services Corporation (GES) has filed two motions in this Court
ancillary to its appeal of the judgment below. First, it requests that we reduce the amount of security
set by the trial court to supersede the judgment while the appeal is pending. Second, it requests
expedited submission and decision of its appeal. We will remand the issue of the supersedeas bond
amount to the district court and issue a temporary stay of enforcement of the judgment until such
time as the district court shall determine to dissolve the injunction. We will overrule GES's motion
to expedite submission and decision.

 The motions in this case arise from an appeal of a judgment against GES, a nonprofit
housing development company that administers a HUD home-ownership program. The district court
found that GES committed fraud against Pedro DeHoyos, Jr. and Charlot DeHoyos by making false
representations concerning participation in the HUD program and breached its fiduciary duties by
failing to remit payments made by the DeHoyoses to the mortgage company. It also found that GES
was engaged in a civil conspiracy with another party to defraud the DeHoyoses. It entered a
judgment against all defendants (GES, a mortgage company, and an individual) jointly and severally
for $302,203 in actual damages and $371,402 in exemplary damages.

 The record does not contain a transcript or documents from the supersedeas bond
hearing. We distill the following facts from assertions made in the motion and the response. The
DeHoyoses began to attempt enforcement of the judgment in November 2004. In February 2005,
GES filed this appeal and then, in May, moved in the district court for a reduction of the supersedeas
bond. See Tex. Civ. Prac. & Rem. Code Ann. § 52.006(c) (West Supp. 2004-05); Tex. R. App. P.
24.2(b) (trial court must lower amount of security if it finds that amount is likely to cause judgment
debtor "substantial economic harm"). After a hearing, the district court reduced the bond amount
from $302,203 to $200,000. Writ of execution has been issued in Lubbock County, GES's
properties in Lubbock County have been levied, and the properties allegedly will be sold on July 5
to satisfy the judgment.

 GES has now filed this motion requesting that we further reduce the bond amount to
$50,000. According to supporting affidavits, GES has been unable to secure a bond for $200,000
because of its 2003-04 net operating losses of over $91,000. According to assertions made in its
motion, the loss of the properties "will place a tremendous burden" on GES because it "may very
well signal the end of the non-profit corporation."

 A judgment debtor may supersede a judgment and suspend its enforcement by posting
security set by the trial court. Tex. Civ. Prac. & Rem. Code Ann. § 52.001 (West 1997); Tex. R.
App. P. 24.1, 24.2; In re Crow-Billingsley Air Park, 98 S.W.3d 178, 179 (Tex. 2003) (orig.
proceeding). The trial court may "make any order necessary to adequately protect the judgment
creditor against loss or damage that the appeal might cause." Tex. R. App. P. 24.1(e); Miller v.
Kennedy & Minshew, P.C., 80 S.W.3d 161, 166 (Tex. App.--Fort Worth 2002, no pet.). 
Accordingly, to stay enforcement of a judgment for the recovery of money, an appellant must post
security in the amount of compensatory damages, interest for the estimated duration of the appeal,
and costs. Tex. R. App. P. 24.2(a)(1); see also Tex. Civ. Prac. & Rem. Code Ann. § 52.006(a). The
amount of security may not exceed 50% of the judgment debtor's net worth. Tex. Civ. Prac. & Rem.
Code Ann. § 52.006(b)(1).

 Nonetheless, this general rule requiring bond or other security in the total amount of
a money judgment may effectively deny an appellant the right to appeal. See Isern v. Ninth Court
of Appeals, 925 S.W.2d 604, 606 (Tex. 1996) (orig. proceeding); see also McDill Columbus Corp.
v. University Woods Apts., 7 S.W.3d 923, 925 (Tex. App.--Texarkana 2000, no pet.). To guard
against that possibility, the trial court "shall lower the amount of the security to an amount that will
not cause the judgment debtor substantial economic harm" on a showing by the judgment debtor that
it is likely to suffer "substantial economic harm" if required to post security in an amount set by
statute or the trial court. (1) See Tex. Civ. Prac. & Rem. Code Ann. § 52.006(c); see also Tex. R. App.
P. 24.2(b). The trial court has continuing jurisdiction, even after its plenary power expires, to modify
the amount of security if circumstances change. Tex. R. App. P. 24.3(a)(2).

 We may review the excessiveness of the amount of security set by the trial court. 
Tex. Civ. Prac. & Rem. Code Ann. § 52.006(d); Tex. R. App. P. 24.4(a). We may consider
conditions as they existed when the trial court signed the order and changes in those conditions. Tex.
R. App. P. 24.4(b). We may then increase or decrease the amount of the security, order other
changes to the trial court's order, or remand to the trial court for entry of findings of fact or for the
taking of evidence. Tex. R. App. P. 24.4(d).

 In this case, GES claims only a changed circumstance--that it has been unable to
secure a bond for $200,000 since the district court entered its order. It supports its claim with two
affidavits, one from its president and one from an attorney associated with its law firm. However,
we do not have before us any record of the May 2005 bond hearing or of the district court's order. 
As a result, we cannot determine on what evidence the district court based its order or what evidence
before us now either existed at that time or constitutes changed circumstances on this motion. In
addition, the district court's familiarity with this case renders it more capable of reviewing any new
evidence concerning GES's claimed "substantial economic harm." Therefore, we remand to the
district court for proceedings consistent with this order. See Tex. R. App. P. 24.4(d).

 At the same time, we may issue "any temporary orders necessary to preserve the
parties' rights." Tex. R. App. P. 24.4(c). Because of the imminent sale of GES's property, we enjoin
the sale of GES's Lubbock County properties by any party until the district court has held a hearing
or until such time as the district court shall determine to dissolve the injunction.

 With its motion to set security amount, GES also filed a motion to expedite
submission and decision in the underlying appeal. Because of this order and the accompanying writ
of injunction, we overrule the motion to expedite submission and decision.

 Nothing in this order should be construed as an expression of this Court's opinion on
the merits of the underlying appeal.

 It is ordered June 17, 2005.


Before Justices B. A. Smith, Puryear and Pemberton

Do Not Publish



 
1. Before 2003, the legislature gave trial courts broad discretion to set the bond based on its
balancing of the judgment debtor's financial situation against the need to protect the judgment
creditor's right to collect its judgment. See Act of May 22, 1989, 71st Leg., R.S., ch. 1178, § 1, sec.
52.002, 1989 Tex. Gen. Laws 4813-14 (former Tex. Civ. Prac. & Rem. Code Ann. § 52.002),
repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 7.02-.03, 2003 Tex. Gen. Laws 847,
863; see also Isern v. Ninth Court of Appeals, 925 S.W.2d 604, 605 (Tex. 1996) (orig. proceeding);
McDill Columbus Corp. v. University Woods Apts., 7 S.W.3d 923, 925 (Tex. App.--Texarkana
2000, no pet.). In 2003, the legislature amended the statute to explicitly mandate that the bond
amount not cause "substantial economic harm." See Tex. Civ. Prac. & Rem. Code Ann. § 52.006(c)
(West Supp. 2004-05). At the same time, it acted to protect judgment creditors by granting trial
courts the authority to enjoin "the judgment debtor from dissipating or transferring assets to avoid
satisfaction of the judgment." Id. § 52.006(e).