# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00546-CV

**Jeffrey Benjamin Mason, Appellant**

**v.**

**Keri Cotterman Mason, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-FM-16-001306, HONORABLE LORA LIVINGSTON, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellant Jeffrey Benjamin Mason has filed a motion to review supersedeas bond in connection with his appeal of the trial court's final decree of divorce.[1] *See* Tex. R. App. P. 24.4(a)(1) (allowing for review of amount of security ordered by trial court). Appellant challenges the trial court's ruling requiring appellant to post a supersedeas bond for real property awarded to appellee in the amount of $259,200 (based on a fair market rental value of $7,200 per month) and a bond for personal property awarded to appellee in the amount of $729,222.[2] Appellant requests

---

[1] Appellant also filed an emergency motion for temporary orders. On November 3, 2017, we granted the emergency motion for temporary orders and stayed execution and enforcement of the final decree of divorce, pending further orders of this Court. *See* Tex. R. App. P. 24.4(c).

[2] Under Rule 24.2(a)(2), "[w]hen the judgment is for the recovery of an interest in real or personal property . . . [t]he amount of that security must be at least: (A) the value of the property interest's rent or revenue, if the property interest is real; or (B) the value of the property interest on the date when the court rendered judgment, if the property interest is personal." Tex. R. App. P. 24.2(a)(2).

that this Court "reverse the trial court's ruling on [his] amended motion to fix security and grant appellant's requested injunction." Alternatively, appellant requests that the amount of security be reduced to $30,000 "to reflect appellant's ability to post security without creating a likelihood of substantial economic harm to him." *See id.* R. 24.2(b) (trial court must lower amount of security upon finding that amount required by Rule 24.2(a) "is likely to cause the judgment debtor substantial economic harm").

Having reviewed the amended motion, response, and the record, we conclude that the trial court did not abuse its discretion in setting appellant's supersedeas bond at $988,422. *Isern v. Ninth Court of Appeals*, 925 S.W.2d 604, 606 (Tex. 1996) (reviewing trial court order requiring alternate security under predecessor to Rule 24 under abuse-of-discretion standard); *G.M. Houser, Inc. v . Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.) ("The appellate court reviews the trial court's determination of the amount of security under an abuse of discretion standard."). The Court's stay of execution and enforcement of the divorce decree is lifted, and appellant's motion, as amended, is denied.

It is so ordered on March 6, 2018.

Before Chief Justice Rose, Justices Goodwin and Field