

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                         | § |                       |
| ----------------------- | - | --------------------- |
| IN RE:                  | § | No. 08-24-00329-CV    |
| CHUNG CHIN "DAVID" CHEN, | § | AN ORIGINAL PROCEEDING |
| Relator.                | § | IN MANDAMUS           |
|                         | § |                       |

## MEMORANDUM OPINION

In his petition for mandamus, Relator Chung Chin "David" Chen asks us to direct Respondent Linda S. Perez, Presiding Judge of County Criminal Court at Law No. 1 of El Paso County, to vacate both the default judgment entered against him in the underlying eviction case and the order denying his motion for new trial. Mr. Chen argues Respondent abused her discretion by: (1) entering a no-answer default judgment after he answered by filing an appeal bond and entry of appearance; (2) denying him a trial de novo and evidentiary hearing; (3) denying his motion for new trial even though his counsel received no notice of a default hearing; and (4) releasing his appeal bond without an evidentiary hearing. For the reasons explained below, we deny mandamus relief.

## I. BACKGROUND

Real-Party-in-Interest Malahat Holdings LLC filed an eviction case against Mr. Chen in Justice Court Precinct 3, El Paso County, Texas. Mr. Chen did not file an answer, and a default judgment was entered against him. Mr. Chen filed a bond in justice court and appealed the case to county court. *See* Tex. R. Civ. P. 510.9 (providing procedure for de novo appeal to county court).

Mr. Chen also filed an entry of appearance of counsel.[1] The trial court entered a default judgment and an amended default judgment against Mr. Chen based on its finding that he "made no answer in writing within 8 days after the transcript [from the justice court] was filed[.]" *See* Tex. R. Civ. P. 510.12 (providing procedure for default judgment in county court). The amended judgment awarded Malahat possession of the premises; found that Malahat was entitled to a writ of possession; released the bond filed by Mr. Chen in the justice court; awarded Malahat damages, attorney's fees, costs, and interest; and set the amount for a supersedeas bond.

No supersedeas bond was posted before the ten-day statutory deadline. *See* Tex. R. Civ. P. 510.13 (providing deadline). Malahat then obtained a writ of possession, which was executed on July 22, 2024, resulting in Malahat regaining possession of the premises. *See id.* (providing procedure for writ of possession). The same day Malahat regained possession, Mr. Chen filed a motion for new trial and motion to stay writ of possession, which the trial court denied after a hearing. This mandamus proceeding followed.

## II.  DISCUSSION

Mandamus relief is an extraordinary remedy that requires the relator to show (1) the trial court clearly abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). A trial court abuses its discretion if it "acts with disregard of guiding rules or principles or in an arbitrary or unreasonable manner" or "fail[s] to analyze or apply the law correctly[.]" *Id*. at 655.

### A.  Possession of the premises

Mr. Chen argues that his appeal bond and entry of appearance constituted an answer in the trial court, thus the trial court abused its discretion by entering a no-answer default judgment

---

[1] The appeal was assigned to County Court at Law No. 3, but because of a conflict was reassigned to County Criminal Court at Law No. 1.

against him. Malahat argues that when Mr. Chen lost possession of the premises, the case became moot as to the issue of possession.

The sole issue in an eviction case is "the right to actual possession of the premises." *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006).[2] As a result, when a tenant appeals from an eviction judgment, does not file a supersedeas bond, and loses possession, the appeal is generally moot unless "appellate relief is not futile." *Mendoza v. La Mesa Apartments,* No. 08-23-00035-CV, 2023 WL 6613343, at *2 (Tex. App.—El Paso Oct. 10, 2023, no pet.) (mem. op.). Appellate relief is not futile if the tenant "[holds] and assert[s] a potentially meritorious claim of right to current, actual possession[.]" *Marshall*, 198 S.W.3d at 787. Here, no such right has been asserted by Mr. Chen, either in the trial court or in his petition for mandamus. *Hernandez v. US Bank Tr., NA for LSF8 Master Participation Tr.*, No. 08-16-00290-CV, 2017 WL 1953291, at *2 (Tex. App.—El Paso May 11, 2017, no pet.) ("The [due process] issue raised in [the evicted party's] brief regarding the notice to vacate . . . does not constitute a potentially meritorious claim of right to current, actual possession of the property. If we allowed this appeal to continue, our opinion and judgment could not restore possession of the subject property to [the evicted party] because he has not presented any basis for claiming a right to continuous possession . . . ."). Moreover, Malahat's claim of mootness has not otherwise been challenged by Mr. Chen below or in this proceeding.

Accordingly, we conclude that this proceeding is moot as to possession of the premises and thus deny mandamus relief as to that issue. *See Jackson v. Wells Fargo Bank, N.A.*, No. 14-19-

---

[2] *See also* Tex. R. Civ. P. 510.3(e) (In an eviction case, "[t]he court must adjudicate the right to actual possession and not title. Counterclaims and the joinder of suits against third parties are not permitted in eviction cases. A claim that is not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction."); Tex. Prop. Code Ann. § 24.008 ("An eviction suit does not bar a suit for trespass, damages, waste, rent, or mesne profits."); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) ("Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful[.]").

00303-CV, 2019 WL 3956185, at *2–3 (Tex. App.—Houston [14th Dist.] Aug. 22, 2019, no pet.) (mem. op.) (holding that loss of possession in eviction case mooted issue of possession, including for purposes of requested mandamus relief); *In re Manley*, No. 01-03-00284-CV, 2003 WL 1989862, at *1 (Tex. App.—Houston [1st Dist.] May 1, 2003, orig. proceeding) (mem. op.) (same).[3]

## B. Damages

As to issues other than possession of the premises, Mr. Chen argues the trial court abused its discretion by not holding an evidentiary hearing on damages and by releasing the bond he filed in justice court. However, mandamus relief is available only when an adequate remedy by appeal is lacking. *Kappmeyer*, 668 S.W.3d at 654. Mr. Chen contends that such a remedy is lacking because "[t]he threat of execution on the judgments is a situation of manifest and urgent necessity which renders any remedy by appeal inadequate" (citing *Isern v. Ninth Court of Appeals*, 925 S.W.2d 604, 606 (Tex. 1996) and *In re Fuentes*, 530 S.W.3d 244, 252 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding)).

*Isern* and *Fuentes* are distinguishable. In *Isern*, the party seeking relief attempted to post a bond, but the opposing party challenged the trial court's order permitting the use of alternate security, which the court of appeals incorrectly set aside. 925 S.W.2d at 605. In *Fuentes*, though the party seeking relief posted bond, the opposing party persisted in its execution efforts. 530 S.W.3d at 249–50. Here, in contrast, Mr. Chen did *not* post or attempt to post a bond in county court to appeal to this Court. If we were to hold that the resulting threat of execution would render

---

[3] We therefore do not reach Mr. Chen's argument that he was deprived of due process because the trial court allegedly held a default eviction hearing without notice. For even if we were to conclude that a due process violation occurred, neither this Court nor the trial court could grant Mr. Chen relief by awarding him present possession. *See Mendoza v. La Mesa Apartments*, No. 08-23-00035-CV, 2023 WL 6613343, at *2 (Tex. App.—El Paso Oct. 10, 2023, no pet.) (mem. op.) ("We do not consider any of the issues raised in Mendoza's brief. Even if we were to find reversible error, a remand would not redress any alleged injury because a judgment in a forcible detainer action determines only the right to immediate possession of a premises—Mendoza is no longer in possession of the Property and his lease has expired, leaving him no other potential relief.").

a remedy by appeal inadequate, we would essentially empower judgment debtors to seek mandamus relief simply by not posting bond. We decline to create such a precedent. *See In re Rogers*, 690 S.W.3d 296, 302 (Tex. 2024) (orig. proceeding) ("Mandamus relief is an 'extraordinary remedy[.]'"); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding) ("Appellate courts must be mindful . . . that the benefits of mandamus review are easily lost by overuse."); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) ("Mandamus is intended to be an extraordinary remedy, available only in limited circumstances.").

Issues in an eviction case other than possession are addressable on appeal. *See, e.g.*, *Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 714 (Tex. App.—Dallas 2013, pet. denied) (damages and attorney's fees); *Manley v. Young*, No. 01-03-00199-CV, 2004 WL 1516434, at *2–3 (Tex. App.—Houston [1st Dist.] July 8, 2004, no pet.) (mem. op.) (whether all parties and claims disposed of; whether multiple judgments entered); *Rice v. Pinney*, 51 S.W.3d 705, 707–08 (Tex. App.—Dallas 2001, no pet.) (collecting cases). Mr. Chen has not shown that he lacked an adequate remedy by appeal as to issues other than possession of the premises.

## III. CONCLUSION

For the reasons stated above, we conclude: (1) Mr. Chen's request for relief is moot as to possession of the premises; and (2) Mr. Chen has not shown that he lacked an adequate remedy by appeal as to issues other than possession.

Accordingly, we deny mandamus relief.

LISA J. SOTO, Justice

December 16, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Palafox, J., concurring

5