ACCEPTED
03-15-00393-CV
5923451
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/2/2015 2:53:07 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00393-CV**

**IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/2/2015 2:53:07 PM
JEFFREY D. KYLE
Clerk

**MARY DECKER, Relator**

---

Original Proceeding from the County Court at Law #4, Williamson County,
Texas; Cause No. 15-0508-CC4
Styled "Clifford Homes, LLC.
v.
Mary Decker and Christopher Decker
and/or all other occupants of 1607 Main St."

Hon. Mickey R. Pennington, Presiding Judge

---

**RELATORS EMERGENCY PETITION FOR WRIT OF MANDAMUS**
**and**
**EMERGENCY MOTION FOR STAY OF WRIT**

---

Matthew L. Wilson
Texas Bar No. 24079588
LAW OFFICE OF MATTHEW WILSON, PLLC
1201 Spyglass Drive
Suite 100
Austin, TX 78746
MWilson@matthewwilsonlaw.com
Telephone: 512-201-4519
Fax: 512-777-5988

David Rogers
Texas Bar No. 24014089
LAW OFFICE OF DAVID ROGERS
1201 Spyglass Drive
Suite 100
Austin, TX 78746
Firm@DARogersLaw.com
Telephone: 512-923-1836
Fax: 512-777-5988

ATTORNEYS FOR RELATOR, MARY DECKER

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel:

| **PARTIES** | **COUNSEL** |
|---|---|
| Mary Decker | Matthew L. Wilson<br>Texas Bar No. 24079588<br>WILSON LAW OFFICE, PLLC<br>1201 Spyglass Drive<br>Suite 100<br>Austin, TX 78746<br>Telephone: 903-705-2540<br>Fax: 512-201-4082<br><br>David Rogers<br>Texas Bar No. 24014089<br>LAW OFFICE OF DAVID ROGERS<br>1201 Spyglass Drive<br>Suite 100<br>Austin, TX 78746<br>Telephone: 512-923-1836<br>Fax: 512-201-4082 |
| Clifford Homes, LLC    . | J. Hyde<br>Texas Bar No. 24027083<br>The J. Hyde Law Office, PLLC<br>111 E. 17th St. #12015<br>Austin, TX 78711<br>Telephone: 512-200-4080<br>Fax: 512-582-8295 |

# TABLE OF CONTENTS

*Page*

Identity of Parties and Counsel ...................................................................... ii

Table of Contents ....................................................................................... iii

Index of Authorities ................................................................................... iv

Appendices .................................................................................................. v

Statement of the Case .................................................................................. 1

Facts ............................................................................................................ 2

Argument & Authorities ............................................................................. 4

Rule 510.8(d)(3) prohibits issuing writ............................................................ 4

The Logic of Consistency ........................................................................... 5

Sauce for the Gander .................................................................................. 7

Prayer .......................................................................................................... 8

Certificate of Service ............................................................................... 10

Certificate of Conference ......................................................................... 10

# INDEX OF AUTHORITIES

**CASES**

*CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) ................................ 7
*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) ................ 6
*Isern v. Ninth Court of Appeals, 925 S.W.2d 604, 606 (Tex. 1996)*........................ 7
*Knepp v. K.R.A.K. Invs., LLC,* 2014 Tex. App. LEXIS 3699, 2014 WL
1464978 (Tex. App. Austin Apr. 8, 2014)........................................ 8
*Marshall v. Hous. Auth.,* 198 S.W.3d 782, 2006 Tex. LEXIS 193, 49 Tex.
Sup. J. 399 (Tex. 2006) .................................................. 6
*Peck v. Fed. Home Loan Mortg. Corp.*, 2013 Tex. App. LEXIS 15154, 2013
WL 6805665 (Tex. App. Austin Dec. 18, 2013) ................................ 6
*Perales v. Riviera,* 13-03-002-CV, 2003 WL 21705740 (Tex. App. July 24,
2003) citing El Paso Dev. Co. v. Berryman, 729 S.W.2d 883, 888
(Tex.App.-Corpus Christi 1987, no writ) .................................... 4
*Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 88 (Tex. 1997) ................7
*Walker v. Packer*, 827 S.W.2d 833, 839–844 (Tex. 1992)........................ 7
*Wilhelm v. Federal Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—
Houston [14th Dist.] 2011, no pet.) ...................................... 5, 6

**RULES**

Tex. R. App. P. §24.400(a)……………………1

**CODES**

TEX. PROP. CODE §24.007(a)………………3, 5, 7
TEX. GOV'T CODE § 22.220, 22.221…….4

## **APPENDICES**

ITEM A     Judgment of the Justice Court

ITEM B     Judgment of the County Court

ITEM C     Notice of Appeal and Motion for Bond Application

ITEM D     Email from Relator's counsel to county court clerk

ITEM E     Response email from county court clerk to counsel

No. 03-15-00393-CV

# IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS

## MARY DECKER, Relator

Original Proceeding from the County Court at Law #4, Williamson County,
Texas; Cause No. 15-0508-CC4
Styled "Clifford Homes, LLC.
v.
Mary Decker and Christopher Decker
and/or all other occupants of 1607 Main St."

Hon. Mickey R. Pennington, Presiding Judge

## RELATOR'S PETITION FOR WRIT OF MANDAMUS and EMERGENCY MOTION FOR STAY OF WRIT

Relator, MARY DECKER submits this Petition for Writ of Mandamus and Emergency Motion for Stay of Writ complaining of the Honorable Mickey Pennington, visiting judge of the County Court at Law No. 4 of Williamson County, Texas.

David Rogers, of the Law Office of David Rogers, and Matthew Wilson WILSON LAW OFFICE, PLLC, attorneys of record for Relator Decker, pursuant to Tex. R. App. P. §24.400(a). and the Third Court of Appeals

Local Rules and procedures, file their Opposed Motion for Writ of Mandamus and Emergency Motion for Stay of Writ.

## STATEMENT OF THE CASE

1.      Relator respectfully seeks relief based on exceptional circumstances and the significant timing issues in setting a supersedeas bond after a final judgment order in Williamson County Court.

2.      On June 26, 2006, Mary Decker purchased her home at 607 Main Street, Cedar Park, Texas 78613.  Mary Decker made every monthly payment and never defaulted on her loan.

3.      Nevertheless, the mortgage servicer wrongfully foreclosed and sold the property to Clifford Homes, LLC. on August 5, 2014 at a foreclosure sale.

4.      Clifford Homes filed the underlying forcible detainer action, Cause No. 2JE-14-0454 in the Williamson County Justice Court.  The Justice court dismissed the forcible detainer suit, and set the bond at $1,500.[1]  Clifford Homes paid the bond and appealed the decision to Williamson County Court #4.

5.      On June 23, 2015, the Honorable Judge Mickey Pennington signed an order at the County Court granting Clifford Home's Traditional Motion for

---

[1] *See* Exhibit A – Justice Court Judgment, Cause #2JE-14-0454

Summary Judgment.[2]    Relator's counsel requested the court set a supersedeas bond at the hearing on June 23, 2015.  The court refused to set a bond at the hearing.  The court's entry of final judgment did not set a bond.

6.    On June 25, 2015, Relator filed a notice of appeal and a motion to set bond.[3]

7.    On June 29, 2015, Relator's counsel went to the County Court and requested the court clerk to set a hearing to set bond.  The court did not set a hearing and requested Relator's counsel send the court an email.

8.    On June 29, 2015, Relator's counsel sent the County Court Clerk an email in order to set a timely hearing to set the supersedeas bond.[4]

9.    On June 30, 2015, the county court clerk responded to the email requesting each attorney submit arguments and proposed orders to Judge Pennington by July 7, 2015.[5]

10.    The requested submission date is too late and fourteen days after the entry of final judgment.  A judgment of a county court in an eviction suit <u>may not under any circumstances</u> be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court.  TEX. PROP. CODE §24.007(a).

---

[2] *See* Exhibit B – County Court Judgment, Cause #15-0508-CC4
[3] *See* Exhibit C – Notice of Appeal and Motion for Bond Application and Emergency Motion to Stay Writ of Possession Until Bond is Set
[4] *See* Exhibit D – Email from Relator's counsel to county court clerk
[5] *See* Exhibit E – Response email from county court clerk to attorneys

11. Relator has made every effort in order to supersede the judgment pending appeal within the 10 day statutory limit. (Day 10 falls on July 3, 2015, a state and federal holiday preceding a weekend. Under the rules, the bond is therefore due on there first day not a weekend or holiday, July 6, 2015.)

12. Now, Relator faces imminent irreparable injury[6] from losing possession of her home as a result of the trial court's abuse of discretion. Accordingly, the petition for writ of mandamus and emergency stay are being sought by this motion to preserve the status quo.

STATEMENT OF JURISDICTION

13. Jurisdiction in this mandamus action is mandatory and exclusive in the Texas Third Court of Appeal. TEX. GOV'T CODE § 22.220, 22.221.

ISSUE PRESENTED

14. Did the trial court abuse its discretion by refusing to set a bond and failing to give the Relator an opportunity to supersede judgment of a forcible detainer case pending appeal?

ARGUMENT

15. Relator is facing an impossible position with no adequate remedy at

---

[6] "[E]very piece of real estate is unique, and if foreclosure were allowed before a full determination of the underlying claims, appellees would be irreparably harmed." *Perales v. Riviera,* 13-03-002-CV, 2003 WL 21705740 (Tex. App. July 24, 2003) citing El Paso Dev. Co. v. Berryman, 729 S.W.2d 883, 888 (Tex.App.-Corpus Christi 1987, no writ).

law. Relator has made every reasonable effort in order to have the county court set a supersedeas bond. A judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. TEX. PROP. CODE §24.007(a). When a county court fails to set a supersedeas bond, Relator has no opportunity to supersede the judgment in a forcible detainer case.

16. The prevailing party in a forcible detainer case has no incentive to have a bond set within the statutory ten-day deadline. To the contrary, the prevailing party would prefer that *no* supersedeas bond be set in order to take possession of the property at the earliest possible opportunity.

17. To compound this problem, an appellate court's power to stay the judgment of the county court in a forcible detainer action is limited. An appellate court may not stay the judgment unless a supersedeas bond in accordance with section 24.007 has been filed. *See* Tex. Prop. Code § 24.007; *Wilhelm v. Federal Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

18. Although the failure to supersede a forcible-detainer judgment does not divest a defendant of his right to appeal when the defendant is no longer in possession of the premises, an appeal from the judgment in that case is

moot unless the defendant asserts "a potentially meritorious claim of right to current, actual possession." *Marshall v. Hous. Auth.,* 198 S.W.3d 782, 2006 Tex. LEXIS 193, 49 Tex. Sup. J. 399 (Tex. 2006); *Wilhelm*, 349 S.W.3d at 768.

19.    The Third Court has dismissed forcible detainer appeals as moot once the appellant no longer has possession of the property. *Peck v. Fed. Home Loan Mortg. Corp.*, 2013 Tex. App. LEXIS 15154, 2013 WL 6805665 (Tex. App. Austin Dec. 18, 2013)

20.    The current statutory scheme and jurisprudence in forcible detainer cases force parties like the Relator into a position where they have don't have an adequate remedy on appeal, and once they do appeal the controversy is moot because they have already lost possession of their property.

21.    Relator should not lose possession of her home and lose the chance to supersede the county court's judgment, because the trial court refuses to set a bond in the ten day limit to pay the bond required by statute.

## Mandamus is appropriate relief

22.    In order to be entitled to mandamus relief, Relator must meet two requirements: (1) the trial court must have clearly abused its discretion and (2) there must be an absence of an adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) This case satisfies

both requirements.

23.    Because ***mandamus*** is an "extraordinary remedy," it is available only in limited circumstances when necessary to "correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law" [*CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)); *see also Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 88 (Tex. 1997); *Walker v. Packer*, 827 S.W.2d 833, 839–844 (Tex. 1992)].

24.    The trial court has abused its discretion by not setting a supersedeas bond within ten days of the final judgment required by TEX. PROP. CODE §24.007(a).  The trial court refused to set a bond when requested at the hearing on June 23, 2015.  The court has not set the bond after Relator filed a motion requesting bond and notice of appeal, and the court has not set a hearing after being requested within the time period required by statute. This independent abuse of discretion has deprived Relator of an adequate remedy at law.  Relator has no remedy at law to supersede the county court judgment.

25.    Mandamus has been issued to require the trial court to lower the amount of a supersedeas bond. *Isern v. Ninth Court of Appeals, 925 S.W.2d 604, 606 (Tex. 1996)*.  When a county court sets an unclear supersedeas

bond they have been instructed to specify the amount and terms for suspending enforcement of the judgment pending appeal. *Knepp v. K.R.A.K. Invs., LLC,* 2014 Tex. App. LEXIS 3699, 2014 WL 1464978 (Tex. App. Austin Apr. 8, 2014)

**Mandamus is an available and required remedy because there is no adequate remedy by appeal**

26.     Setting no supersedeas bond is more detrimental, because when the court refuses to set a bond, neither party has been adequately informed of the terms on which the underlying judgment may be superseded pending appeal.

27.     Relator made every payment on her loan, and was foreclosed upon due to no fault of her own.  Now she is facing an imminent eviction due to the trial court's failure to set a timely bond.  She will be forced from her home without even the opportunity to post a supersedeas bond to suspend the writ of possession.

28.     Unless the writ of possession is stayed, this Court's jurisdiction to consider the merits of Appellants appeal will be vitiated.

29.     Now, Relator face imminent irreparable injury from losing her home on July 6, 2015, as a result of the trial court's abuse of discretion. Accordingly, the petition for mandamus and emergency stay being sought are the only adequate remedies available to Relator.

Prayer

30.     Appellants respectfully request this Court rule on this motion by July 6, 2015, because the circumstances involve an emergency. Appellants request that this Court grant their petition for mandamus and emergency motion to stay the impending writ of possession.

**Respectfully submitted,**

**Matthew Wilson, Attorney at Law**

__/s/ Matthew Wilson_____
**Matthew Wilson**

Texas Bar No. 24079588
WILSON LAW OFFICE, PLLC
1201 Spyglass Drive
Suite 100
Austin, TX 78746
MWilson@matthewwilsonlaw.com
Telephone: 903-705-2540
 Fax: 512-777-5988

David Rogers
Texas Bar No. 24014089
LAW OFFICE OF DAVID ROGERS
1201 Spyglass Drive
Suite 100
Austin, TX 78746
Firm@DARogersLaw.com
Telephone: 512-923-1836
 Fax: 512-777-5988

## CERTIFICATE OF NOTICE & SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served by the Court's online filing system on this the 2nd day of July, 2015, to:

Dr. J. Hyde,
THE J. HYDE LAW OFFICE, PLLC
111 E. 17th Street #12015
Austin. Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com

Attorney for Appellee / Real Party in Interest


        _/s/ David Rogers_____
        **David Rogers**

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document contains 1,700 words.

           */s/   David Rogers*
David Rogers
SBN 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 777-5988 [Facsimile]
Firm@DARogersLaw.com

No. 03-15-00393-CV

# IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS

## MARY DECKER, Relator

Original Proceeding from the County Court at Law #4, Williamson County,
Texas; Cause No. 15-0508-CC4
Styled "Clifford Homes, LLC.
v.
Mary Decker and Christopher Decker
and/or all other occupants of 1607 Main St."

Hon. Mickey R. Pennington, Presiding Judge

## RELATOR'S APPENDIX OF ATTACHMENTS

ITEM A      Judgment of the Justice Court

ITEM B      Judgment of the County Court

ITEM C      Notice of Appeal and Motion for Bond Application

ITEM D      Email from Relator's counsel to county court clerk

ITEM E      Response email from county court clerk to counsel

# ITEM A
## Judgment of the Justice Court



| CLIFFORD HOMES, LLC, | § | IN THE JUSTICE COURT |
|---|---|---|
| | § | |
| *Plaintiff* | § | |
| | § | |
| v | § | |
| | § | PRECINCT 2 |
| MARY DECKER; CHRISTOPHER DECKER; | § | |
| 1607 MAIN ST., | § | |
| Cedar Park, Texas 78613 | § | WILLIAMSON COUNTY, TEXAS |
| | § | |
| *Defendants* | § | |

## ORDER ON DEFENDANT'S PLEA IN ABATEMENT

On April 2, 2015 came on to be heard the trial on the merits of Plaintiff's Forcible Detainer Action filed herein. Plaintiff appeared and announced ready to proceed. Defendant appeared through counsel and presented to the Court his Original Answer, Plea in Abatement, Motion for Attorneys Fees and Sanctions. It is apparent from the evidence and argument of counsel and the case law presented to the Court that Defendant has raised issues of title, ~~and that this Court lacks the jurisdiction to grant the relief sought by Plaintiff herein~~.

IT IS THEREFORE ORDERED that the proceedings in this case are dismissed.

IT IS ORDERED that the motion for sanctions is granted. Plaintiff has filed multiple eviction petitions for an improper purpose. Plaintiff is ordered to pay attorney's fees in the amount of $ 3500.00, to the Law Offices of David Rogers within five days of this order. A bond is set in the amount of $ 1500.00.

Signed on this this second day of April 2015.

_____
Judge Presiding

# ITEM B
## Judgment of the County Court

# CAUSE NO. 15-0508-CC4

| | | |
|---|---|---|
| CLIFFORD HOMES, LLC, | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MARY DECKER, | § | NUMBER 4 |
| CHRISTOPHER DECKER, and/or | § | |
| ALL OTHER OCCUPANTS OF | § | |
| 1607 MAIN STREET, | § | |
| CEDAR PARK, TEXAS 78613, | § | |
| | § | |
| Defendants. | § | WILLIAMSON COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT

On the 23rd day of June, 2015, came to be heard Plaintiff's Traditional Motion for Summary Judgment ("Motion"). Having heard the arguments of counsel and having reviewed the parties' briefing on the Motion and the record evidence, the Court finds that Plaintiff is entitled to summary judgment on its claim for forcible detainer, as Plaintiff has proven as a matter of law that it is entitled to immediate possession of the premises located at 1607 Main Street, Cedar Park, Texas 78613.

IT IS THEREFORE ORDERED that the Plaintiff, CLIFFORD HOMES, LLC, recover from the Defendants MARY DECKER, CHRISTOPHER DECKER, and/or ALL OTHER OCCUPANTS OF 1607 MAIN STREET, CEDAR PARK, TEXAS 78613, as follows:

1. Possession of the premises at 1607 Main Street, Cedar Park, Texas 78613.
2. Court costs.

It is FURTHER ORDERED that Plaintiff is entitled to a return of the cash appeal bond filed by Plaintiff in the amount of $1,500.00. The clerk's office is ordered to RELEASE this cash bond to Plaintiff. This is a FINAL JUDGMENT.

Signed this __23__ day of __June__, 2015

**FILED**
at _10 5Y_ o'clock __A__ M
AD

JUN 2 3 2015

Nancy E. Rister
County Clerk, Williamson Co., TX

_____
Honorable Judge Presiding

# ITEM C
## Notice of Appeal and Motion for Bond Application

Filed: 6/25/2015 4:47:56 PM
Nancy E. Rister, County Clerk
Williamson County, Texas
By: Regina Cockrell, Deputy Clerk

**CAUSE NO. 15-0508-CC4**

| | | |
|---|---|---|
| CLIFFORD HOMES, LLC., | § | IN THE COUNTY COURT AT LAW |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| MARY DECKER, | § | NUMBER 4 |
| CHRISTOPHER DECKER, and/or | § | |
| ALL OTHER OCCUPANTS OF | § | |
| 1607 MAIN STREET, | § | |
| CEDAR PARK, TEXAS 78613 | § | |
| | § | |
| *Defendants*. | § | WILLIAMSON COUNTY, TEXAS |
| | § | |

**DEFENDANT'S NOTICE OF APPEAL**

COMES NOW Mary Decker, Defendant, and notices this court that she will appeal this court's order of June 23, 2015.

Introduction

1. Plaintiff is Clifford Homes, LLC

2. Defendants are Mary Decker and Christopher Decker and All Other Occupants.

3. This is an appeal from Justice of the Peace Precinct 2.

4. May 7, 2015 Plaintiff's filed their Motion for Summary Judgment.

5. June 17, 2015 Defendant filed her Response to Plaintiff's Motion for Summary Judgment.

6. A hearing was held in this matter on June 23, 2015.

Facts

7. The Honorable Mickey Pennington signed his order in favor of Plaintiff's Summary Judgment on June 23, 2015.

8. Defendant desires to appeal and files this notice.

9. The appeal is taken to the Third Court of Appeals.

10. Defendant has filed her request for supersedeas bond separately from this notice.

11. A copy of the judgment to be appealed is attached to this notice as "Attachment 1".

**Respectfully submitted,**

     */s/ David Rogers*
David Rogers
State Bar #24014089
LAW OFFICE OF DAVID ROGERS
1201 Spyglass Drive, Suite 100
Austin, TX 78746
Firm@DARogersLaw.com
Tel. (512) 923-1836
Fax (512) 777-5988
Matthew Wilson
State Bar #24079588
WILSON LAW OFFICE, PLLC
MWilson@MatthewWilsonLaw.com
**Attorneys for Mary Decker**

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing notice was served upon all parties of record in accordance with the Texas Rules of Civil Procedure on this 25th day of June, 2015.

     */s/ David Rogers*

**David Rogers**
State Bar #24014089
**Attorney for Mary Decker**

The J. Hyde Law Office, PLLC
Dr. J. Hyde
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295

Attachment 1

CAUSE NO. 15-0508-CC4

| | | |
|---|---|---|
| CLIFFORD HOMES, LLC, | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MARY DECKER, | § | NUMBER 4 |
| CHRISTOPHER DECKER, and/or | § | |
| ALL OTHER OCCUPANTS OF | § | |
| 1607 MAIN STREET, | § | |
| CEDAR PARK, TEXAS 78613, | § | |
| | § | |
| Defendants. | § | WILLIAMSON COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT

On the 23rd day of June, 2015, came to be heard Plaintiff's Traditional Motion for Summary Judgment ("Motion"). Having heard the arguments of counsel and having reviewed the parties' briefing on the Motion and the record evidence, the Court finds that Plaintiff is entitled to summary judgment on its claim for forcible detainer, as Plaintiff has proven as a matter of law that it is entitled to immediate possession of the premises located at 1607 Main Street, Cedar Park, Texas 78613.

IT IS THEREFORE ORDERED that the Plaintiff, CLIFFORD HOMES, LLC, recover from the Defendants MARY DECKER, CHRISTOPHER DECKER, and/or ALL OTHER OCCUPANTS OF 1607 MAIN STREET, CEDAR PARK, TEXAS 78613, as follows:

1.  Possession of the premises at 1607 Main Street, Cedar Park, Texas 78613.
2.  Court costs.

It is FURTHER ORDERED that Plaintiff is entitled to a return of the cash appeal bond filed by Plaintiff in the amount of $1,500.00. The clerk's office is ordered to RELEASE this cash bond to Plaintiff. This is a FINAL JUDGMENT.

Signed this __23__ day of __June__, 2015

**FILED**
at _10 5Y_ o'clock __A__ M
AD

JUN 2 3 2015

Nancy E. Rister
County Clerk, Williamson Co., TX

_____
Honorable Judge Presiding

**CAUSE NO. 15-0508-CC4**

| | | |
|---|---|---|
| CLIFFORD HOMES, LLC., | § | IN THE COUNTY COURT AT LAW |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| MARY DECKER, | § | NUMBER 4 |
| CHRISTOPHER DECKER, and/or | § | |
| ALL OTHER OCCUPANTS OF | § | |
| 1607 MAIN STREET, | § | |
| CEDAR PARK, TEXAS 78613 | § | |
| | § | |
| *Defendants*. | § | WILLIAMSON COUNTY, TEXAS |
| | § | |

## <u>DEFENDANT'S MOTION FOR BOND APPLICATION AND EMERGENCY MOTION TO STAY WRIT OF POSSESSION UNTIL BOND IS SET</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Mary Decker, Defendant/Occupant of the property located at 1607 Main Street, Cedar Park, Texas 78613, and files this defendant's motion for bond application and clarification and emergency motion to stay writ of possession until bond is set.

### SUMMARY

1.     On June 23, 2015, the Honorable Judge Mickey Pennington signed an order granting Plaintiff's Traditional Motion for Summary Judgment.  Defendant moves the Court to clarify the County Court's judgment dated June 23, 2015 as follows.  The court's entry of final judgment did not set a bond.  *See* Exhibit A.  Defendant's counsel requested the court set a bond at the hearing on June 23, 2015.  The court refused to set a bond at the hearing.

2.     Defendant perfected this appeal on June 25, 2015, by filing a notice of appeal. "An appeal is perfected when a written notice of appeal is filed with the trial court clerk. The filing of a notice of appeal by any party invokes the appellate court's jurisdiction

over all parties to the trial court's judgment or order appealed from." *See* Tex. R. App. P. 25.1(a)(b).

3.      Defendant is unable to ascertain from the county court's judgment how or whether a supersedeas bond was calculated, what the total amount of the bond is, or how the bond must be satisfied.  The bond conditions are impermissibly vague and ambiguous because the court never set a bond.  As a result of this ambiguity, neither the Plaintiff nor Defendant have been adequately informed of the terms on which the underlying judgment may be superseded pending appeal.

4.      Defendant therefore requests the county court to specify the precise amount and terms of the security required to suspend enforcement of the judgment on appeal. Defendant requests that a bond be set at five hundred dollars ($500) to avoid any ambiguities over whether a bond has been set and paid.  *See* Tex. R. App. P. 24.3(a) (trial court has continuing jurisdiction to order amount and type of security even after that court's plenary power has otherwise expired). *See* Tex. R. App. P. 44.4 (a) (governing trial court's remedial error when failure or refusal to act prevents the proper presentation of a case to the court of appeals).  *See* Tex. R. App. P. 44.1 (2) (governing standard for reversible error when the error prevents the appellant from properly presenting the case to the court of appeals).

5.      With defendant's filing of her notice of appeal, she declares her intention to appeal and does not waive her right to supersede the judgment until a bond has been set. Plaintiff's failure to request a bond to protect the judgment and the court's refusal to set a bond at the hearing in no way reflects defendant's waiver of her legal right to have the trial court's judgment superseded pending appeal to the court of appeals.

**REASONABLE BOND TO BE SET**

TEX. CIV. PRAC & REM. CODE §52.006 is explicit about protecting money judgments.[1]  No evidence was introduced by Clifford Homes at any time that it was

---

[1] § 52.006. Amount of Security for Money Judgment

   **(a)**  Subject to Subsection (b), when a judgment is for money, the amount

incurring any money damages, that it had suffered any money damages, or that it was likely to suffer any money damage in the future. Had Clifford Homes introduced such evidence, and had the Court ruled that an award of damage were appropriate, the Court would have been limited by TEX. CIV. PRAC & REM. CODE §52.006 (b):

> **(b)** Notwithstanding any other law or rule of court, when a judgment is for money, the amount of security must not exceed the lesser of:
>
> **(1)** 50 percent of the judgment debtor's net worth; or
> **(2)** $ 25 million.

Clifford Homes has presented no evidence.[2] There is no testimony before the court, and no affidavits or self-authenticating documents that could support a large request for bond in this case.

6.    The clear intent[34] of Clifford Home's is to set the Appellant's bond at an amount that would shut the courthouse door and force the Defendant to give up her home and give up her rights without the opportunity for full and final adjudication of her claims by the Appellate courts.

---

of security must equal the sum of:…

[2] "[P]leadings, even if sworn, are not evidence. *See Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660, 38 Tex. Sup. Ct. J. 973 (Tex. 1995). Further, an attorney's opening argument is not evidence. *Weslaco Federation of Teachers v. Texas Educ. Agency*, 27 S.W.3d 258, 263 (Tex. App.--Austin 2000, no pet.)." *Schade v. Rhodes*, 2004 Tex. App. LEXIS 5419, 8 (Tex. App. Houston 1st Dist. June 17, 2004)"However, counsel's argument is not evidence. *See Chase v. State,* 750 S.W.2d 41, 43 (Tex. App.--Fort Worth 1988, pet. ref'd)."*Bolden v. State*, 1997 Tex. App. LEXIS 409, 9 (Tex. App. Dallas Jan. 31, 1997)

[3] Plaintiff's counsel has stated that there is no amount of bond that his client would accept.

[4] This is in contrast to the judgment at the justice court. Defendant prevailed, the court set at $1,500 bond, and the Plaintiff exercised its legal right to pay the bond and supersede the judgment pending appeal. Defendant is entitled to the same legal protections.

**NET WORTH BOND CAP**

7.      According to TEX. CIV. PRAC & REM. CODE § 52.006, amount of bond may not exceed fifty percent of net worth.   Mary Decker has an actual net worth of negative -$88,040.66. (*See* Exhibit B, attached Affidavit and Net Worth Calculation).

8.      The Austin Court of Appeals has recently endorsed the method of limiting bond caps requested by Defendants.

> To suspend a money judgment pending appeal in a civil case, section 52.006, subsection (a), of the civil practice and remedies code requires that a judgment debtor furnish a bond, deposit, or other security in an amount "equal [to] the sum of: (1) the amount of compensatory damages awarded in the judgment; (2) interest for the estimated duration of the appeal; and (3) costs awarded in the judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a); see TEX. R. APP. P. 24.2(a)(1) (rule implementing section 52.006, subsection (a)). This amount, however, may not exceed the lesser of fifty percent of the judgment debtor's current net worth or $ 25 million. TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(b); see TEX. R. APP. P. 24.2(a)(1). Additionally, if the trial court finds that the judgment debtor is likely to suffer "substantial economic harm" from posting security in the amount otherwise required, the court "shall lower the amount of the security to an amount that will not cause the judgment debtor substantial economic harm." TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(c); see Tex. R. App. P. 24.2(b).

*Shook v. Walden*, 304 S.W.3d 910, 914 (Tex. App.--Austin 2010)

9.      Black's Law Dictionary defines net worth as "the amount by which assets exceed liabilities" or "remainder after deduction of liabilities from assets" or the difference between total assets and liabilities of individual, corporation, etc." BLACK'S LAW DICTIONARY at 1041 (6[th] ed. 1990).

10.      In *EnviroPower, LLC v Bear Sterns & Co., Inc.* 265 S.W. 3d 1 4-5 (Tex App.-Houston [1[st] Dist.] 2008), the court defines "Net Worth" for purposes of setting a

supersedeas bond as the difference between total assets and total liabilities as determined by generally accepted accounting principals at the time the bond is set. *See also LMC Complete Automotive Inc. v Burke,* 229 S.W.3d 469, 482 (Tex App-Houston [1st Dist.] 2007); *Texas Custom Pools, Inc. v. Clayton,* 293 SW3d 299 (Tex. App.—El Paso 2009). The Dallas Court of Appeals calculated net worth by taking the difference between the assets and liabilities as shown on the judgment debtor's balance sheet and held that its net worth was negative. Therefore, the court of appeals ordered the security set at zero.[5] *G.M. Houser, Inc. v Rodgers,* 204 S.W. 3rd 836, 846 (Tex App- Dallas 2006, no pet.)

11.     Pursuant to TEX. R. APP. P. 24.2(c)(1), Mary Decker's affidavit, with assets and liabilities detailed, show a net worth of less than zero.  A judgment debtor who provides a bond, deposit, or security under Rule 24.2(a)(1)(A) in an amount based on the debtor's net worth must simultaneously file an affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained. TEX.R.APP.P. 24.2(c)(1).  Mary Decker has provided such an analysis.  The attached affidavit and analysis shows that she has a net worth of negative (-$88,040.60).  Defendant requests the court set the supersedeas bond at $500.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Mary Decker, prays that this honorable Court grant Defendant's Motion for Bond Application and Motion to Stay

---

[5] On this record, we conclude the net worth of G.M. Houser, Ltd. is a negative $ 333,516 and the net worth of Houser Materials, L.L.C. is $ 2688. We reverse and render the trial court's June 30, 2006 order fixing security for supersedeas. Therefore, we order that the security for supersedeas for G.M. Houser, Ltd. is set at $ 0, and the security for supersedeas for Houser Materials, L.L.C. is set at $ 1344, which is fifty percent of Houser Materials, L.L.C.'s net worth.

Writ of Possession until bond is set.

**Respectfully submitted,**

        ___/s/ David Rogers_____
        David Rogers
        State Bar #24014089
        LAW OFFICE OF DAVID ROGERS
        1201 Spyglass Drive, Suite 100
        Austin, TX 78746
        Firm@DARogersLaw.com
        Tel.  (512) 923-1836
        Fax  (512) 777-5988

        Matthew Wilson
        State Bar #24079588
        WILSON LAW OFFICE, PLLC
        MWilson@MatthewWilsonLaw.com
        **Attorneys for Mary Decker**

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing was served upon all parties of record in accordance with the Texas Rules of Civil Procedure on this 25th day of June, 2015.

        __/s/ David Rogers_____

        **David Rogers**
        State Bar #24014089
        **Attorney for Mary Decker**

The J. Hyde Law Office, PLLC
Dr. J. Hyde
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
**Attorney for Clifford Homes, LLC.**

## CAUSE NO. 15-0508-CC4

| | | |
|---|---|---|
| CLIFFORD HOMES, LLC, | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MARY DECKER, | § | NUMBER 4 |
| CHRISTOPHER DECKER, and/or | § | |
| ALL OTHER OCCUPANTS OF | § | |
| 1607 MAIN STREET, | § | |
| CEDAR PARK, TEXAS 78613, | § | |
| | § | |
| Defendants. | § | WILLIAMSON COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT

On the 23rd day of June, 2015, came to be heard Plaintiff's Traditional Motion for Summary Judgment ("Motion"). Having heard the arguments of counsel and having reviewed the parties' briefing on the Motion and the record evidence, the Court finds that Plaintiff is entitled to summary judgment on its claim for forcible detainer, as Plaintiff has proven as a matter of law that it is entitled to immediate possession of the premises located at 1607 Main Street, Cedar Park, Texas 78613.

IT IS THEREFORE ORDERED that the Plaintiff, CLIFFORD HOMES, LLC, recover from the Defendants MARY DECKER, CHRISTOPHER DECKER, and/or ALL OTHER OCCUPANTS OF 1607 MAIN STREET, CEDAR PARK, TEXAS 78613, as follows:

1. Possession of the premises at 1607 Main Street, Cedar Park, Texas 78613.
2. Court costs.

It is FURTHER ORDERED that Plaintiff is entitled to a return of the cash appeal bond filed by Plaintiff in the amount of $1,500.00. The clerk's office is ordered to RELEASE this cash bond to Plaintiff. This is a FINAL JUDGMENT.

Signed this __23__ day of __June__, 2015

**FILED**
at _10 5Y_ o'clock___A_M
AD

JUN 2 3 2015

Nancy E. Rister
County Clerk, Williamson Co., TX

_____
Honorable Judge Presiding

CAUSE NO. 15-0508-CC4

| | | |
|---|---|---|
| CLIFFORD HOMES, LLC., | § | IN THE COUNTY COURT AT LAW |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| MARY DECKER, | § | NUMBER 4 |
| CHRISTOPHER DECKER, and/or | § | |
| ALL OTHER OCCUPANTS OF | § | |
| 1607 MAIN STREET, | § | |
| CEDAR PARK, TEXAS 78613 | § | |
| | § | |
| *Defendants.* | § | WILLIAMSON COUNTY, TEXAS |
| | § | |

## DEFENDANT'S STATEMENT OF NET WORTH

Before me, the undersigned authority, on this day appeared Mary Decker, who being duly sworn upon his oath, duly deposed and said:

"My name is Mary Decker. I am the Defendant in the instant case, am over 18 years of age, and fully competent to make this Affidavit. I have personal knowledge of the facts herein and they are each and all true and correct."

1.      My Net Worth is _-88,040.66_ . A worksheet is attached hereto as Exhibit "A" reflecting the calculation of my Net Worth.

Further, Affiant sayeth not.

_Mary M Decker_
Affiant

Sworn to and subscribed before me on this _24_ day of June, 2015, to certify which witness my hand and official seal

CHARLOTTE SECORD
Notary Public, State of Texas
My Commission Expires
July 05, 2015

_Charlotte Secord_
Notary Public, State of Texas

# Net-Worth Calculation Worksheet

## ASSETS (WHAT YOU OWN)

**Cash:**

Cash on Hand $ 12

Checking Account $ 200

Savings Account $ 1400

Money Market Funds $ 0

Value of Life Insurance $ 0

Other $ 0

**Real Estate/Property:**

Home Appraisal $ 0

Land Appraisal $ 0

Other $ 0

**Investments:**

Certificates of Deposit $ 0

Stocks $ 0

Bonds $ 0

Mutual Funds $ 0

Annuities $ 0

IRAs $ 0

## LIABILITIES (WHAT YOU OWE)

**Current Debts:**

Household $ 0

Medical $ 0

Credit Cards $ 250

Property Tax $ 0

Back Tolls $ 0

Car Insurance $ 0

**Mortgages:**

Home $ 0

Land $ 0

HOA fees $ 0

401(k),403(b),
457 Plans $ ⊖

Pension Plan $ inaccessible (T.R.S.)

Other $ ⊖

**Personal Property: (*Present Value*)**     Loans:

Automobiles $ ⊖     Bank/Finance Company $ 40,402.66 *NationStar*

Recreational Vehicle $ ⊖     Automobile $ ⊖

Home Furnishings $ 250     Pool Loan $ ⊖

Appliances & Furniture $ 750     Education $ 50,000 *Student Loan*

Collections $ ⊖     Life Insurance $ ⊖

Jewelry and Furs $ ⊖     Personal $ ⊖

Other $ ⊖     Car Insurance $ ⊖

**TOTAL ASSETS $ 2612**     **TOTAL LIABILITIES $ 90,652.66**


**(Total Assets) – (Total Liabilities) = Net Worth**


($ 2612.00 ) – ($ 90,652.66 ) = $ -88,040.66

# ITEM D
## Email from Relator's counsel to county court clerk



**Charlotte Secord <charlotte.secord@gmail.com>**

## Fwd: Bond: Clifford Homes v. Mary Decker; 15-0804-CC4

1 message

**Matthew Wilson** <mwilson@matthewwilsonlaw.com>                                    Thu, Jul 2, 2015 at 10:43 AM
To: David Rogers <darogers@aol.com>, Charlotte Secord <charlotte.secord@gmail.com>

Begin forwarded message:

> **From:** Matthew Wilson <mwilson@matthewwilsonlaw.com>
> **Subject: Bond: Clifford Homes v. Mary Decker; 15-0804-CC4**
> **Date:** June 29, 2015 1:03:32 PM CDT
> **To:** "SThreadgill@wilco.org" <SThreadgill@wilco.org>
> **Cc:** David Rogers <darogers@aol.com>, "Dr. J. Hyde" <jhyde@jhydelaw.com>
>
> Hi Mrs Threadgill,
>
>     This email is to request a hearing to set a bond in the forcible detainer case: 15-0509-CC4.  The visiting judge granted summary judgment on June 23rd and did not set a bond despite a specific request for bond.  A notice of appeal, motion to set bond, and a motion to stay writ of possession were filed in this case last week.  I have three specific questions in this case.
>
> 1)    Will a hearing be set this week in order to set bond?
> 2)    If a hearing cannot be set this week before the ten day deadline, can a nominal bond be set until the court can set a hearing to set bond?
> 3)    Will the court allow a writ of possession to issue in instances where a bond has not been set and a notice of appeal has been filed with the court?
>
> Thanks,
>
>
>
> *Matthew L. Wilson*
>
>
>
> *Wilson Law Office, PLLC*

*Attorney at Law*
**512.201.4519** *Direct*
**512.923.1836** *Office*
**512.201.4082** *E-Fax*
**MWilson@MatthewWilsonLaw.com**
*MatthewWilsonLaw.com*

*Serving With Honor*



CONFIDENTIALITY NOTICE:  This email communication (including any attached document(s)) may contain information that is confidential, proprietary and/or privileged.  The information is intended for the sole use of the indicated addressee(s).  If you are not an intended recipient of this email communication, please be advised that any disclosure, copying, distribution or other use of this communication or any attached document is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise.  If you have received this fax communication in error, please notify the sender immediately by e-mail (*mwilson@matthewwilsonlaw.com*), and promptly destroy all copies of this communication and any attached document(s). Thank you.

**PastedGraphic-2-4 copy.tiff**

22K



# ITEM E
# Response email from county court clerk to counsel



**Charlotte Secord <charlotte.secord@gmail.com>**

## Fwd: Cause No. 15-0804-CC4; Bond: Clifford Homes v. Mary Decker
1 message

**Matthew Wilson** <mwilson@matthewwilsonlaw.com>                                   Thu, Jul 2, 2015 at 10:44 AM
To: David Rogers <darogers@aol.com>, Charlotte Secord <charlotte.secord@gmail.com>

Begin forwarded message:

> **From:** Sharrion Threadgill <sthreadgill@wilco.org>
> **Subject: Cause No. 15-0804-CC4; Bond: Clifford Homes v. Mary Decker**
> **Date:** June 30, 2015 10:02:44 AM CDT
> **To:** "Dr. J. Hyde" <jhyde@jhydelaw.com>, Matthew Wilson <mwilson@matthewwilsonlaw.com>
> **Cc:** David Rogers <darogers@aol.com>
>
> Gentlemen –
>
> Judge Pennington has requested each attorney submit a proposed Order along with written argument and he will provide a ruling.  Your arguments along with proposed Orders should be submitted on or before July 7th.
>
> Should you have any questions, please contact me.
>
>
> -----------------------------------
> **Sharrion Threadgill, Court Administrator**
> Williamson County Court at Law #4
> 405 Martin Luther King, Box 17
> Georgetown, Texas 78626
> 512-943-1681
> 512-943-1685 fax
> SThreadgill@wilco.org

**From:** Dr. J. Hyde [mailto:jhyde@jhydelaw.com]
**Sent:** Monday, June 29, 2015 1:55 PM
**To:** Matthew Wilson
**Cc:** Sharrion Threadgill; David Rogers
**Subject:** Re: Bond: Clifford Homes v. Mary Decker; 15-0804-CC4

Dear Ms. Threadgill,

We certainly do not oppose a quick hearing.  However, in the interest of saving all parties time and expense, as well as the convenience of the visiting judge, we believe the bond request can be resolved based on the written submissions and accompanying evidence.  At this point, it seems that any testimony at the hearing would be duplicative of what has already been submitted.  In any event, we recognize the time-sensitive nature of Defendant's request, as the statutory deadline for Defendant to suspend enforcement of the judgment pending appeal is 6 July 2015.  Thank you.


J


On Mon, Jun 29, 2015 at 1:03 PM, Matthew Wilson <mwilson@matthewwilsonlaw.com> wrote:
Hi Mrs Threadgill,

This email is to request a hearing to set a bond in the forcible detainer case: 15-0509-CC4.  The visiting judge granted summary judgment on June 23rd and did not set a bond despite a specific request for bond.  A notice of appeal, motion to set bond, and a motion to stay writ of possession were filed in this case last week.  I have three specific questions in this case.

1) Will a hearing be set this week in order to set bond?
2) If a hearing cannot be set this week before the ten day deadline, can a nominal bond be set until the court can set a hearing to set bond?
3) Will the court allow a writ of possession to issue in instances where a bond has not been set and a notice of appeal has been filed with the court?

Thanks,


*Matthew L. Wilson*


*Wilson Law Office, PLLC*
*Attorney at Law*
*512.201.4519 Direct*
*512.923.1836 Office*
*512.201.4082 E-Fax*
*MWilson@MatthewWilsonLaw.com*
*MatthewWilsonLaw.com*

*Serving With Honor*



*CONFIDENTIALITY NOTICE:  This email communication (including any attached document(s)) may contain information that is confidential, proprietary and/or privileged.  The information is intended for the sole use of the indicated addressee(s).  If you are not an intended recipient of this email communication, please be advised that any disclosure, copying, distribution or other use of this communication or any attached document is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise.  If you have received this fax communication in error,*

*please notify the sender immediately by e-mail ([mwilson@matthewwilsonlaw.com](mailto:mwilson@matthewwilsonlaw.com)), and promptly destroy all copies of this communication and any attached document(s). Thank you.*

--
**Dr. J. HYDE**
**The J. HYDE Law Office, PLLC**
111 E. 17th St. #12015
Austin, Texas 78711
T: 512.200.4080
F: 512.582.8295
E: [jhyde@jhydelaw.com](mailto:jhyde@jhydelaw.com)

CONFIDENTIALITY NOTICE: This communication is attorney/client privileged and confidential and solely for the identified recipient. Any disclosure, copying, distribution, or use of the contents of this communication is strictly prohibited. If you have received this e-mail in error, immediately notify the sender by reply e-mail and permanently delete this transmission.

TAX ADVICE DISCLAIMER: Any federal tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

## CERTIFICATE OF  SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served by the Court's online filing system on this the 2nd day of July, 2015, to:

Dr. J. Hyde,
THE J.  HYDE LAW OFFICE, PLLC
111 E. 17th Street #12015
Austin. Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com

Attorney for Appellee / Real Party in Interest


 _/s/ David Rogers_____
**David Rogers**